[No. 1513.]

## A. S. BRYANT AND JOHN WATSON, APPELLANTS, *v.* PETER ANDERSON, LORENTZ FREY, JOHN FRANTZEN, A. JESSEN AND FRITZ BERNHAM, RESPONDENTS.

FINDINGS—CONTRADICTORY STATEMENTS—INJUNCTION BONDS. In an action for damages on an injunction bond, it was error to admit in evidence a finding of fact, made in the suit for an injunction, reciting that plaintiff therein was justified in bringing his suit, but had not been damaged by defendants therein, since inconsistent with the judgment therein dissolving the temporary injunction and dismissing the suit.

APPEAL from the District Court of the State of Nevada, Douglas county; *C. E. Mack*, District Judge:

Action by A. S. Bryant and others against Peter Anderson and others. From a judgment for defendants, plaintiffs appeal. Reversed.

The facts sufficiently appear in the opinion.

*Trenmor Coffin*, for Appellants:

I. Finding No. 11, in the case of *Anderson* v. *Bryant*, which was admitted in evidence in this case, was as follows: "The court further finds that said plaintiff was justified in bringing this suit, but that he has not been damaged by defendants." This finding is self-contradictory. It was error to admit it in evidence, as it could only tend to mislead and confuse the jury. Either the first or last half of the finding must be wrong. It was error to admit the false part of the find-

ing in evidence. " If the finding contains erroneous matter, which cannot be divided from the remainder, the whole must fall." (*Clark* v. *Nevada L. & M. Co.*, 6 Nev. 203, 208.)

II. If the false part of the finding could not have been separated from that part which was true, it must have been error to admit any part of it. It would seem to be against the elementary principles of the law, which all judges are presumed to know, for a court to find that a party living on a stream is justified in bringing a suit against placer miners who are working their claims several miles above him, enjoining their mining for eighty-eight days, when the mining operations did him no damage, and invaded none of his rights. Such was the finding which was admitted in evidence to prevent plaintiff's recovery of damages for the stoppage of their mining operations.

III. The court specially instructed the jury that they might consider this finding in determining the question of damages, thus accentuating and emphasizing the original error of admitting the finding in evidence. (*Fisk* v. *Parker*, 12 La. Ann. 496.) The legal question as to whether or no Anderson was justified in bringing his suit could not possibly affect the amount of damages which plaintiff in fact sustained by reason of the injunction. The damages would be the same, in fact, whether Anderson was justified or not, or whether the injunction was wrongfully or rightfully sued out. Yet the jury were instructed that they might consider this question in assessing the damages. In assessing the damages the jury should only consider the amount of the damages, if it is a proper case for plaintiff to recover damage. If the injunction was justifiable, there was no recoverable damage.

IV. The instruction was calculated to confuse and mislead the jury. It should have been refused. (*Thompson* v. *Powning*, 15 Nev. 211.) The erroneous part of the finding cannot be treated by the court as a surplusage. The court below, by its rulings and instructions, made it the point upon which the case turned. (*Lockhart* v. *Mackie*, 2 Nev. 294.) A contradictory finding will not support a judgment if appealed from. (*Reese* v. *Corroran*, 52 Cal. 495; *Manley* v. *Howlett*, 55 Cal. 94; *Harris* v. *Harris*, 59 Cal. 620; *Cox* v.

*McLaughlin*, 63 Cal. 196; *Sloss* v. *Allman*, 64 Cal. 47; *Richards* v. *Dower*, 64 Cal. 62; *Carman* v. *Ross*, 64 Cal. 249, 250; Hayne on New Trial and Appeal, sec. 242, p. 735, par. 5.)

*Torreyson & Summerfield*, for Respondents:

I.   In the action at bar the plaintiff assigns as the principal error of the court the admission of the findings of fact in a former case of *Anderson* v. *Bryant*, in which case the court found as follows: "The court further finds that said plaintiff was justified in bringing this suit, but that he has not been damaged by the defendants." This finding of fact was introduced in evidence for the purpose of having the jury take it into consideration in assessing the damages, if any, and in order to aid the jury in determining what damages, if any, plaintiffs were entitled to, and the court so instructed the jury, but nowhere is it claimed or asserted that said finding was conclusive upon the jury.

By the Court, BELKNAP, C. J.:

This is an action for damages upon an injunction bond.

At the trial respondents introduced in evidence, against the objections of appellants, the findings of fact made by the court in the case of *Anderson* v. *Bryant, et al.*

The particular finding objected to is this: "No. 11. The court finds that the plaintiff was justified in bringing this suit, but that he has not been damaged by the defendants."

The complaint in that case alleges prior appropriation and beneficial use of the waters of Pine Nut creek by plaintiff, and their diversion and pollution by defendants, and threatened continuance thereof. A temporary injunction was issued, issue was joined, trial had, and judgment entered, dissolving the injunction and dismissing the action.

The finding that Anderson was justified in bringing that suit would indicate that he was entitled to relief, but the judgment denied him any. The finding is inconsistent with the judgment, and its introduction in evidence may have misled the jury.

Judgment reversed, and new trial ordered.